[Cite as *K.W. v. D.O.*, 2024-Ohio-2488.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| [K.W.] | : | |
| | : | |
| Appellee | : | C.A. No. 30094 |
| | : | |
| v. | : | Trial Court Case No. 2024 CV 01251 |
| | : | |
| [D.O.] | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 28, 2024

. . . . . . . . . . .

D.O., Pro Se Appellant

K.W., Pro Se Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} D.O. appeals pro se from the March 25, 2024 order granting a civil stalking protection order ("CSPO") against her and in favor of K.W. Because D.O. failed to file objections in the trial court as required by Civ.R. 65.1, we lack authority to consider this

appeal. Accordingly, the judgment of the trial court is affirmed.

## Procedural History

{¶ 2} K.W. filed her Petition for a CSPO on February 28, 2024 and waived an ex parte hearing. The trial court set the matter for a full evidentiary hearing on March 19, 2024, before the magistrate. No transcript of this hearing is part of the record on appeal. As noted above, the CSPO was issued on March 25, 2024, and it was electronically signed by the trial court judge. It stated, in part: "18. IF THE FULL HEARING PROCEEDING WAS REFERRED TO A MAGISTARTE, the Court has reviewed the magistrate's granting of this order and finds no error of law or other defect evident on the face of the Order. Accordingly, the Court adopts the magistrate's granting of this Order."

## Analysis

{¶ 3} "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20. CSPOs are governed by R.C. 2903.214, which provides for the issuance of protection orders against persons who are victims of menacing by stalking. Civ.R. 65.1 also governs petitions for CSPOs. Civ.R. 65.1(F)(3)(c)(ii) states: "When a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." Additionally, a "court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing shall be effective when signed by the court and filed with the clerk." Civ.R. 65.1(F)(3)(c)(v).

{¶ 4} Here, the magistrate granted the CSPO, which was then signed by the court and filed with the clerk. The CSPO accordingly became a final appealable order pursuant to Civ.R. 65.1(G), which states:

Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) * * * of this rule is a final, appealable order. *However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal,* and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

(Emphasis added.)

{¶ 5} In *Curry v. Bettison*, 2023-Ohio-1911, 216 N.E.3d 797, ¶ 67 (2d Dist.), we thoroughly discussed this issue and concluded that a party's timely objections are a prerequisite to challenging a CSPO on appeal. We further clarified and summarized the proper analysis in a Civ.R. 65.1 appeal, holding as follows:

(1) [W]here litigants fail to comply with Civ.R. 65.1(G)'s requirement of filing objections, they cannot challenge the trial court's decision on appeal, and the decision must be affirmed; (2) no issues that are raised, whether they are phrased as error or plain error, can be considered; (3) this court should not engage in any analysis that directly or indirectly involves the merits of the trial court order; * * *.

{¶ 6} D.O. did not file the required objections. Accordingly, she cannot challenge the CSPO on appeal, and we will not engage in any analysis of its merits. The judgment

of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.